UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN HOUSER, PH.D., FAHA,<br>*Plaintiff,*<br><br>v.<br><br>TEMPLE UNIVERSITY<br>AND ARTHUR M. FELDMAN, MD, PHD,<br>*Defendants.* | )<br>)<br>) Civil Action No. 2:21-cv-00676-WB<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>) |

## PLAINTIFF'S EMERGENCY MOTION
## FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

Plaintiff, Steven Houser, Ph.D ("Dr. Houser"), moves this Honorable Court, pursuant to F.R.C.P. 65(a) and (b), for an emergency temporary restraining order, and as soon thereafter as the Court can schedule a hearing, for a preliminary injunction against Defendant, Temple University ("Temple"), to enjoin and restrain Temple from engaging in sweeping extra-judicial discovery against Dr. Houser which Temple scheduled to take place on ***Tuesday, August 17, 2021, beginning at 8:00 a.m.*** The emergency nature of this Motion arises from Temple's last-minute notice to Dr. Houser, by email on Friday, August 13, 2021, that it would engage in unrestricted discovery – to be **hosted** by Dr. Houser – against Dr. Houser on the following Tuesday, August 17, 2021 (tomorrow) starting at 8:00 a.m. Thus, this Motion is an emergency, and notice of the filing of the Motion has been given to opposing counsel, because Temple has asserted that it would proceed with its unlimited discovery session regardless of Dr. Houser's position and in potential prejudice to his rights. An emergency injunction is absolutely necessary here to protect Dr. Houser's rights, which are not redressable in money damages, and to stop Temple's sharp litigation tactics.

Specifically, on Friday August 13, 2021, Temple's in-house counsel, Laszlo Szabo, Esquire, demanded that Dr. Houser make himself available for interrogation and also that Dr. Houser make any and all documents, whether personal, professional or otherwise under his care or supervision, available for unfettered production to Temple on Tuesday, August 17, 2021 for an alleged matter which Temple

has known about *since at least September 2020* and which is a *key event in this very litigation*. See Temple's August 13, 2021 Email (hereafter sometimes referred to as the "Discovery Demands Email"), attached hereto as Exhibit "A."

In point of fact, Dr. Houser substantively responded to Temple – over 6 months ago – about the matter and prior to the filing of this litigation. Yet Temple has done nothing about this so-called "inquiry" until last Friday, fresh off the heels of Dr. Houser's written discovery demands to Defendants in this case. Temple is clearly attempting to play fast and loose with the Federal Rules of Civil Procedure and jurisdiction of this very Court as it demands extrajudicial discovery against Dr. Houser without any of the protections or reciprocal rights to discovery that Dr. Houser enjoys under the law.

In further support of this Motion, Dr. Houser avers the following:

1. Dr. Houser filed this lawsuit on February 12, 2021. *See* Dkt. 1.

2. On May 4, 2021, while undersigned counsel was in trial in another case and while Defendants' first round of motions to dismiss were pending, Temple filed a motion to stay all discovery in this matter. *See* Dkt. 16.

3. On May 11, 2021, this Court denied Temple's motion. *See* Dkt. 17.

4. As recently as the parties Rule 16 conference in June, this Court stated that discovery in this matter shall not be stayed.

5. In the interim, Dr. Houser has served two subpoenas on non-parties in this case, and each of the non-parties has steadfastly refused to provide any discovery, though Dr. Houser is attempting to reach a compromise on the alleged disputes. *See* Declaration of Steven Houser, Ph.D., FAHA ("Houser Decl."), attached hereto as Exhibit "B," at ¶ 7.

6. More recently however, on August 4, 2021, Dr. Houser served written discovery on all Defendants. *See* Houser Decl. at ¶ 8.

7. The Motion arises from an alleged inquiry – as detailed in the Amended Complaint[1] filed by Dr. Houser in this matter – that first appeared in an email dated September 25, 2020, in which Temple's Integrity Officer and Vice President of Research ("OVPR"), Michele Masucci ("Masucci"), sent Dr. Houser stating that Temple had been notified by the Office of Research Integrity of the Office of the Assistant Secretary for Health – U.S. Department of Health and Human Services (hereafter, "ORI") "that you [Dr. Houser] have been named in a complaint regarding allegations of possible research misconduct stemming from but not limited to 'Clare Francis' complaints that were received by ORI, including but not limited to those noted here: https://pubpeer.com /search?q=steven+houser [hereafter, the "PubPeer Claims"]." *See* Houser Decl. at ¶ 12.

8. Masucci warned Dr. Houser "not to discuss the matter with colleagues" and to preserve and maintain "any and all records regarding your research[.]" *See* Houser Decl. at ¶ 13.

9. "Clare Francis" is a pseudonym used to describe unverified and anonymous complaints or allegations by unspecified individuals regarding claimed cases of plagiarism or fabricated or duplicated figures appearing in scientific journals and papers. It is an academic pseudonym for an internet "troll." *See* Houser Decl. at ¶ 14.

10. PubPeer's own disclaimer states that "The success of the site is due to the expertise and diligence of our users, who create all of its content. Nevertheless, comments should always be considered as sources of potentially useful information whose veracity readers must evaluate for themselves." *See* Houser Decl. at ¶ 15.

11. PubPeer also states that it "does not review comments scientifically and provides no warranty as to their veracity." *See* Houser Decl. at ¶ 16.

12. Thus, PubPeer is an anonymous, open forum where reviewers criticize publications without peer review, fact checking or substantiation. *See* Houser Decl. at ¶ 17.

---

[1] Dr. Houser had the same allegations in the original Complaint, as well. In short, the fact that this bogus "inquiry" is part of the lawsuit is well known to Temple. *See* Houser Decl. at ¶ 12 n.1.

3

13. After the September 2020 notice, Dr. Houser heard nothing more from Temple or Masucci on the PubPeer Claims until January 2021. *See* Houser Decl. at ¶ 18.

14. By letter dated January 11, 2021, Masucci wrote in follow up to her prior "notice" of the PubPeer Claims and listed 9 different papers published in various academic journals on a variety of topics, which were identified at PubPeer (hereafter, the "PubPeer Demand Letter"). *See* Houser Decl. at ¶ 19.

15. Masucci's PubPeer Demand Letter does not identify any basis for any allegations other than the reference to PubPeer. *See* Houser Decl. at ¶ 20.

16. In point of fact, cross-referencing the list of 9 articles identified by Masucci in her PubPeer Demand Letter on PubPeer's own site confirms that comments on most of the claimed, anonymous criticisms appeared more than 6 months ago and one alleged comment specifically contains an Errata entry from one of the authors showing that the article was corrected long before Masucci's baseless PubPeer Demand Letter. *See* Houser Decl. at ¶ 21.

17. None of the PubPeer Claims, however, contain "strong evidence," as PubPeer requires, to support any of the allegations Temple now asserts. *See* Houser Decl. at ¶ 22.

18. Moreover, Masucci did not explain how or why these papers, which have been identified on PubPeer for months and corrected in one case, are now being raised against Dr. Houser. *See* Houser Decl. at ¶ 23.

19. Nevertheless, in her PubPeer Demand Letter Masucci demanded that Dr. Houser preserve documents and warned any failure to do so might constitute misconduct. *See* Houser Decl. at ¶ 24.

20. Masucci also notified Dr. Houser that "Temple University will identify a time to hold an initial discussion of the specific allegations once the records you provide have been reviewed." *See* Houser Decl. at ¶ 25.

21. Notably, Temple did not appear to conduct any "preliminary assessment" investigation as it also failed to do with the other "inquiry/investigation" at issue in this case. *See* Houser Decl. at ¶ 26.

22. Further, Temple did not identify any outside counsel that assisted it with the unspecified "preliminary assessment." *See* Houser Decl. at ¶ 27.

23. In contravention of Temple's own Creative Work Policy, at no time up to and including the filing of the original Complaint in this case (or to this very day) was Dr. Houser ever formally notified by Temple or its Integrity Officer (1) in writing, that an Inquiry Committee was to be convened to consider an allegation of misconduct, (2) informed of the nature of the allegation, (3) provided a copy of the Creative Work Policy, or (4) notified that he will have the opportunity to be interviewed by and present evidence to the Inquiry Committee. *See* Temple's Creative Work Policy at Procedures, Art. I.B.1.

24. By letter dated January 22, 2021, Dr. Houser, through his counsel, responded to each purported allegation in the PubPeer Demand Letter, denouncing, among other things, Temple's continued failure to identify the specific basis on which Temple was pursuing documents and information against Dr. Houser. *See* Dr. Houser's January 22, 2021 Response Letter, attached hereto as Exhibit "C"; *see also* Houser Decl. at ¶ 29.

25. Dr. Houser specifically demanded to know whether Temple was acting pursuant to an Inquiry or Investigation under the Creative Work Policy. *See* Houser Decl. at ¶ 30.

26. Dr. Houser also demanded to know whether any allegation existed outside of the PubPeer Claims. *See* Houser Decl. at ¶ 31.

27. Further, Dr. Houser specifically detailed his role, such as it was, in each of the 9 papers identified by Temple, noting that for 5 of the papers, Dr. Houser merely edited the text of certain sections for a non-native English speaking author. *See* Houser Decl. at ¶ 32. Dr. Houser provided no

5

data from his laboratory, analyzed no data for the paper, and did not design or oversee any of the experiments described in them.  *See* Houser Decl. at ¶ 33.

28. In response, Temple merely acknowledged receipt of Dr. Houser's refutations and stated that it "will respond in due course."  *See* Houser Decl. at ¶ 34.

29. Until Mr. Szabo's email dated August 13, 2021, neither Dr. Houser nor his legal counsel had heard or received anything from Temple concerning these so-called PubPeer Claims.  *See* Houser Decl. at ¶ 35.

30. Since Dr. Houser's January 22, 2021 Response Letter, however, Dr. Houser filed the original Complaint in this action on February 12, 2021, was the subject of Defendants' ill-conceived motion to stay discovery on May 4, 2021, which was denied on May 11, 2021, filed an Amended Complaint on June 1, 2021, and most significantly, served discovery – properly under the Federal Rules of Civil Procedure – on Defendants on August 4, 2021.  *See* Houser Decl. at ¶ 36.

31. In obvious retaliation for Dr. Houser's discovery and an effort to gain an unfair advantage in the litigation instead, Temple's lawyer, Mr. Szabo, did not provide any copy of Temple's Discovery Demand Email to Dr. Houser's litigation (or personal) counsel but rather specifically directed Dr. Houser not to "discuss this matter with anyone[.]"  *See* Temple's Discovery Demands Email at 4, attached hereto as Exhibit "A."

32. Additionally, Temple has contacted numerous other non-party witnesses with the same or substantially similar notice, despite its admonition to Dr. Houser to tell no one about Temple's efforts (all without any notice to Dr. Houser's counsel).  *See* Houser Decl. at ¶ 39.

33. Mr. Szabo, Temple's lawyer, demanded that Dr. Houser give Temple and its other unidentified interrogators a tour of Dr. Houser's research facilities, "provide access to records, introduce to others on the research team . . . , and provide information and access to other areas or devices where such records exist."  *See* Discovery Demands Email at 1; *see also* Houser Decl. at ¶ 40.

6

34. Once Dr. Houser filed his lawsuit in this matter, Temple had an unmitigated obligation to conduct discovery against Dr. Houser individually under the Federal Rules of Civil Procedure, giving him proper notice, time, and opportunities to prepare for and/or respond to such discovery.

35. Temple, instead, is attempting to gain an unfair and prejudicial advantage in the lawsuit by demanding Dr. Houser appear, without counsel or any reasonable opportunity to prepare, for interrogation, production of documents, and disclosure of his own work product, documents and confidences so it can have unfettered control and access to its adversary, outside the jurisdiction of this Court.

36. Temple has demanded an unprecedented ransacking of Dr. Houser's records and rights, directing him not to discuss the matter with anyone, including Dr. Houser's own counsel. *See generally* Houser Decl. at ¶ 42 (noting that Temple's breadth and depth of discovery demands here are unprecedented in Dr. Houser's experience with the university). Temple's conduct here is egregious and illegal and must be immediately enjoined.

37. Temple has made clear that it does not want discovery against it to occur in this case, yet its latest tactics – under the guise of a process not authorized by its own procedures – smack of sharp litigation designed to give it an unfair advantage and prejudice Dr. Houser's position in the case and rights under the law.

38. Under the facts and law here, an injunction in Dr. Houser's favor must issue.

39. The likelihood that Dr. Houser will prevail on the merits that he is entitled to the protections and benefits of discovery by an adversary while in active litigation against that very same adversary is high. Dr. Houser's rights are clear, and Temple's outrageous conduct violates those rights.

40. Temple will not be harmed – in any legitimate manner – by having to comply with the Federal Rules of Civil Procedure and jurisdiction and orders of this Court by properly conducting discovery.

41. The harm to Dr. Houser by Temple's conduct of extra-judicial discovery against Dr. Houser without proper notice, an opportunity to prepare, or a chance to have his counsel of choice present while the very issues to be "discovered" are key elements of the pending litigation will be irreparable. Dr. Houser will have no opportunity to undo any damage, will have no ability to stop irrelevant inquiries or have the chance to adequately protect himself against the onslaught of Temple inquiries, demands and unfettered access being mandated by it.

42. Granting the requested injunction not only will be in the public interest but also will entirely protect the public interest. Litigants in Court are entitled to the process and protections afforded by the law and the governing rules of civil procedure. Here, Temple has ignored them all, hoping to grab a quick and deep dive at massive discovery aimed at digging up something to be used (it hopes) against Dr. Houser, rather than employ the legal process it now finds itself under.

43. Accordingly, Dr. Houser seeks to immediately restrain and enjoin Temple from engaging in sweeping discovery against him.

WHEREFORE, Dr. Houser, in the form of Order attached hereto, respectfully requests that this Court immediately enjoin Temple from engaging in any extrajudicial discovery under the guise of any "inquiry" or otherwise and that Temple instead be required to conduct any discovery related to any of the issues in this lawsuit pursuant to the requisite Federal Rules of Civil Procedure. Dr. Houser also respectfully requests that the Court set a hearing for a preliminary injunction in this matter.

In further support of this Motion, Dr. Houser relies upon the accompanying Memorandum of Law, which is incorporated herein by reference.

Respectfully submitted,

**WISLER PEARLSTINE, LLP**

Date: August 16, 2021          By:     /s/ *David M. Burkholder*
                                       David M. Burkholder (89162)
                                       Courtney A. Keaveney (321889)
                                       460 Norristown Road, Suite 110
                                       Blue Bell, PA   19422
                                       (610) 825-8400 / (610) 828-4887 *(fax)*
                                       DBurkholder@wispearl.com
                                       CKeaveney@wispearl.com
                                       *Counsel for Plaintiff, Steven Houser, Ph.D., FAFA*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN HOUSER, PH.D., FAHA,<br>*Plaintiff*,<br><br>v.<br><br>TEMPLE UNIVERSITY AND<br>ARTHUR M. FELDMAN, MD, PHD,<br>*Defendants*. | )<br>)<br>) Civil Action No. 02:21-cv-0676-WB<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Plaintiff's Emergency Motion for Temporary Restraining Order and for Preliminary Injunction, Brief in Support thereof, and proposed order was served upon all counsel of record below via the Court's ECF system on the date below.

James A. Keller, Esquire
Darius C. Gambino
Carolyn A. Pellegrini
Saul Ewing Arnstein & Lehr LLP
1500 Market Street
Philadelphia, PA 19102
(215) 972-1964
james.keller@saul.com
darius.gambino@saul.com
carolyn.pellegrini@saul.com
*Counsel for Defendant, Temple University*

Michael J. Fortunato, Esquire
Rachael Luken Carp, Esquire
Rubin, Fortunato & Harbison P.C.
10 South Leopard Road
Paoli, PA 19301
mfortunato@rubinfortunato.com
rcarp@rubinfortunato.com

*Counsel for Defendant, Arthur Feldman MD; Ph.D.*

Date: August 16, 2021

WISLER PEARLSTINE, LLP

By: */s/David M. Burkholder*
David M. Burkholder, Esquire
Courtney A. Keaveney, Esquire
460 Norristown Road, Suite 110
Blue Bell, PA  19422

*Attorneys for Plaintiff, Steven Houser, Ph.D., FAHA*

{02409930 }