IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVEN HOUSER,**<br>　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**ARTHUR FELDMAN AND TEMPLE UNIVERSITY,**<br>　　　　　**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  21-676** |

**O R D E R**

**AND NOW**, this 20th day of August, 2021, upon consideration of Plaintiff Steven Houser's Motion for a Temporary Restraining Order and for Preliminary Injunction (ECF 42) and following a hearing on said Motion on August 17, 2021, **IT IS HEREBY ORDERED** that the Motion is denied.[1]

　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　/s/Wendy Beetlestone, J.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**WENDY BEETLESTONE, J.**

---

[1] Plaintiff filed for injunctive relief pursuant to Federal Rule of Civil Procedure 65, seeking to enjoin and restrain Defendant Temple University from conducting what Plaintiff describes as "extra-judicial discovery." Under Eastern District of Pennsylvania Local Rule 7.1(c), every motion "shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion." Here, Plaintiff's brief cites to no legal authority that supports the use of Federal Rule 65 to address what Plaintiff described at the hearing as a discovery dispute. In fact, Plaintiff relies exclusively on Federal Rules of Civil Procedure 26(f), 34(b), and 30(a), which rules govern discovery. To the extent Plaintiff is seeking the Court's intervention in a discovery dispute, he must follow this Court's Policies and Procedures regarding discovery dispute resolution, available at https://www.paed.uscourts.gov/documents/procedures/beepol.pdf, and utilize the remedial framework for discovery misconduct set forth in the Federal Rules of Civil Procedure.