# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| STEVEN HOUSER, PH.D., FAHA,<br>        Plaintiff, | No. 2:21-CV-00676 |
| vs. | Judge Beetlestone |
| TEMPLE UNIVERSITY | Electronically Filed |
| and |  |
| ARTHUR M. FELDMAN, MD, PHD, |  |
|         Defendants. |  |

## ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of Temple University's Motion for Partial Reconsideration (the "Motion"), and any responses thereto, it is hereby **ORDERED** that the Motion is **GRANTED;** and Count II of Plaintiff's Amended Complaint as to Defendant Temple University, brought under the federal Defend Trade Secrets Act, is **DISMISSED WITH PREJUDICE**.   The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and the rest of this civil action is **DISMISSED**. The Clerk of Court shall mark this matter as **CLOSED**.

BY THE COURT:

_____

Hon. Wendy Beetlestone

39217823.4

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN HOUSER, PH.D., FAHA,<br>    Plaintiff, | : | No. 2:21-CV-00676 |
| | : | |
| vs. | : | Judge Beetlestone |
| | : | |
| TEMPLE UNIVERSITY | : | Electronically Filed |
| | : | |
| and | : | |
| | : | |
| ARTHUR M. FELDMAN, MD, PHD, | : | |
| | : | |
|     Defendants. | : | |
| | : | |

## DEFENDANT TEMPLE UNIVERSITY'S
## MOTION FOR PARTIAL RECONSIDERATION

For the reasons set forth in the Memorandum of Law filed concurrently with this Motion, Defendant Temple University hereby moves this Court to reconsider in part its October 27, 2021 Opinion and Order that granted in part but denied in part Temple's Motion to Dismiss Count II of the Plaintiff's Amended Complaint.  (Dkt. 59, 60.)

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

Date:  November 10, 2021
*/s/  James A. Keller*
James A. Keller, Esquire/78955
Darius C. Gambino/83496
Carolyn A. Pellegrini/307026
Saul Ewing Arnstein & Lehr LLP
1500 Market Street
Philadelphia, PA 19102
(215) 972-1964
james.keller@saul.com
darius.gambino@saul.com
carolyn.pellegrini@saul.com

*Attorneys for Defendant Temple University*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| STEVEN HOUSER, PH.D., FAHA, | : | |
| Plaintiff, | : | No. 2:21-CV-00676 |
| | : | |
| vs. | : | Judge Beetlestone |
| | : | |
| TEMPLE UNIVERSITY | : | Electronically Filed |
| | : | |
| and | : | |
| | : | |
| ARTHUR M. FELDMAN, MD, PHD, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANT TEMPLE UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION

Defendant Temple University ("Temple") moves the Court pursuant to Federal Rules of Civil Procedure 59 and 60, as well as Local Civil Rule 7.1(g), to reconsider in part its October 27, 2021 Opinion and Order that granted in part but denied in part Temple's Motion to Dismiss Count II of the Plaintiff's Amended Complaint. (Dkt. 59, 60.) It is respectfully submitted that the Motion to Dismiss Count II should be granted in its entirety.

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION .................................................................................................... 1

II.   ARGUMENT ........................................................................................................... 2

    A.    APPLICABLE LEGAL STANDARD.................................................................... 2

    B.    DISMISSING THE DTSA CLAIMS IN THEIR ENTIRETY AGAINST DR. FELDMAN BUT NOT
        TEMPLE WAS A MANIFEST ERROR OF LAW ................................................... 2

III.  CONCLUSION......................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

*Acosta v. Cent. Laundry, Inc.*, 273 F. Supp. 3d 553 (E.D. Pa. 2017) ..............................................2

*Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 182 F. App'x 994 (Fed. Cir. 2006). ..............................................................................................................................................7

*Bausch & Lomb Inc. v. Moria S.A.*, 222 F. Supp. 2d 616 (E.D. Pa. 2002)......................................2

*Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014)........................................................................................8

*Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985).................................................................2

*Lazaridis v. Wehmer*, 591 F.3d 666 (3d Cir. 2010) ...............................................................2, 5, 7

*Walker by Walker v. Pearl S. Buck Found., Inc.*, CIV. A. No. 94-1503, 1996 WL 706714 (E.D. Pa. Dec. 3, 1996).........................................................................................................................2, 8

*WesternGeco v. Ion Geophysical Corp.*, No. 09-cv-1827, 2009 WL 3497123 (S.D. Tex. Oct. 28, 2009). ..............................................................................................................................................7

*Zirvi v. Flatley*, 433 F. Supp. 3d 448 (S.D.N.Y. 2020)...................................................................7

**FEDERAL STATUTES AND RULES**

Defend Trade Secrets Act ...................................................................................................... passim

Federal Rule of Civil Procedure 59(e) ........................................................................................2, 7

Federal Rule of Civil Procedure 60(b)......................................................................................2, 7, 8

I.    **INTRODUCTION**

In its Opinion (Dkt. 59) and Order (Dkt. 60), the Court granted the Motion to Dismiss of Dr. Arthur Feldman ("Feldman"), dismissing the Defend Trade Secrets Act ("DTSA") misappropriation claims that Plaintiff Steven Houser ("Houser") asserted against Feldman with prejudice.    In that same Order, the Court granted with prejudice Temple's Motion to Dismiss Plaintiff's DTSA claims with respect to acts which occurred prior to May 11, 2016.    The Court, however, denied Temple's Motion to Dismiss Plaintiff's DTSA claims in all other respects.

It is respectfully suggested that this denial was a manifest error of law.    The Court correctly found that a "relationship" model applies when assessing misappropriation claims under the DTSA.    (*See* Dkt. 59, pp. 9-11.)    The Court also correctly found that under such a model, the three-year statute of limitations on Houser's trade secret claims against Feldman had expired by February 2020, which was three (3) years after February 2017—the date on which Houser reported his knowledge of Feldman's April 2015 Paper[1] to Temple.    (*Id*.)    The Court accordingly and appropriately dismissed as untimely Houser's trade secret claims against Feldman with prejudice. The Court did not, however, dismiss the entirety of Houser's trade secret claims against Temple, even though the claims relate to the same alleged underlying trade secrets, all of which were known and disclosed to Temple and the world at large by February 2017, if not in 2015.    Temple respectfully submits that there was no basis for applying the statute of limitations differently as between Feldman and Temple, and all claims should have been dismissed as to both defendants. Not dismissing all DTSA claims against Temple was an error of law warranting reconsideration,

---

[1] The April 2015 Paper, which Houser references and incorporates in his own pleading, is key to the present Motion.    It is entitled " BAG3: a new player in the heart failure paradigm" and was published on April 30, 2015.    (*See* Am. Compl., Ex. C. (Dkt. 20, Ex. C.))    Houser does not, and cannot, deny that the April 2015 Paper includes his purported trade secret "Pig Data" in Figure 4, and that such information was available to the public as of the publication date.

and manifest injustice will result if the Opinion and Order are not amended to also dismiss the entirety of Houser's DTSA claims against Temple, with prejudice.

## II.   ARGUMENT

### A.   Applicable Legal Standard

"'The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Acosta v. Cent. Laundry, Inc.*, 273 F. Supp. 3d 553, 555 (E.D. Pa. 2017) (Beetlestone, J.) (granting reconsideration), (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).  A motion for reconsideration "will be granted" if the movant shows "… (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*; *accord Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).  "The usual vehicle for a motion for reconsideration is Federal Rule of Civil Procedure 59(e) or 60(b)." *Bausch & Lomb Inc. v. Moria S.A.*, 222 F. Supp. 2d 616, 669 (E.D. Pa. 2002).  Rule 59(e) allows a district court to alter or amend a judgment to "correct [a] clear error of law or prevent manifest injustice." *Lazaridis*, 591 F.3d at 669 (quoting Fed. R. Civ. P. 59(e)).  Similarly, Federal Rule of Civil Procedure 60(b) permits the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect … or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  A federal district court also has the inherent power to reconsider interlocutory orders "'when it is consonant with justice to do so.'" *Walker by Walker v. Pearl S. Buck Found., Inc.*, CIV. A. No. 94-1503, 1996 WL 706714, at *2 (E.D. Pa. Dec. 3, 1996).

### B.   Dismissing the DTSA Claims In Their Entirety against Dr. Feldman but not Temple Was a Manifest Error of Law

The Court's October 27, 2021 Opinion acknowledges that the purported trade secret in this case comprises "summary figures from the Pig Data and Pig Samples (the "Stolen Pig

Materials")."  (Dkt. 59, p. 3.)  The Opinion also acknowledges that the "Stolen Pig Materials" were "used" by Feldman "to publish a paper in 2015…[including] the Pig Data and additional data derived from the Pig Samples" (i.e., the April 2015 Paper).  (*Id.*)  Finally, and most importantly, the Opinion notes that Houser "became aware of Feldman's alleged use, in or around February 2017" of the Stolen Pig Data, and reported the matter to Temple.  (*Id.*).  Thereafter, Houser took no action against Feldman or Temple for more than three (3) years.

The April 2015 Paper is attached to Houser's Amended Complaint as Exhibit C.  (Dkt. 20, Ex. C.)  The very first page of the April 2015 Paper identifies the nine (9) listed authors, including Feldman.  (*Id.*)  Each of those authors is credited as a member of the "Temple University School of Medicine."  (*Id.*).  The April 2015 Paper also notes its publication "with ***open access*** at Springerlink.com" (emphasis added).  (*Id.*)  In other words, a document attached to and incorporated in Houser's own pleading confirms that the "Stolen Pig Materials" were in the possession of not only several Temple employees, but the public at large, as of April 2015.  Any trade secret value that existed for the "Stolen Pig Materials" was eviscerated at that point.

Dr. Houser alleges that he did not become aware of the publication of the April 2015 Paper until February 2017 (Dkt. 20, ¶ 92), at which point he reported the matter to Temple (*id.* at ¶ 100).  Houser was ostensibly satisfied with whatever resolution was reached:  "[o]ne week after Houser's complaint, Temple offered him an apology from Feldman. Houser believed that the matter was resolved…"  (Dkt. 59, p. 3.)  The February 2017 reporting to Temple is critical to Houser's misappropriation claim, as Houser necessarily 'knew or should have known' at that point that both Feldman and Temple had access to, and use of, the "Stolen Pig Materials".[2]  Importantly, Houser

---

[2] The DTSA defines "misappropriation" as the "acquisition of a trade secret of another by a person ***who knows or has reason to know*** that the trade secret was acquired by improper means[.]"  18 U.S.C. § 1839(5) (emphasis added).  Even if the publication of the April 2015 Paper is considered

took no action against Feldman or Temple within three (3) years of the report (i.e., by February 2020), even though he knew or should have known by that point that the "Stolen Pig Materials" had been disclosed to and therefore acquired by Feldman, Temple, and the general public.

Based on the foregoing averments, the Court dismissed Houser's DTSA claims against Feldman with prejudice.  The Court first observed:

> it is clear from the face of Houser's Complaint that [Houser] was aware of Feldman's alleged acquisition of the Stolen Pig Materials and the 2015 paper by February 2017. This occurred more than three years before the filing of his Complaint of February 12, 2021, so these misappropriations are clearly outside the statute of limitations. The question remains as to whether the first misappropriation triggers the statute of limitations for all misappropriations under the "continuing misappropriation" exception in the DTSA.

(Dkt. 59, p. 8.).  In addressing this question, the Court evaluated and rejected the "continuing wrong" approach, which "restarts the limitations period for each adverse use, because it views trade secrets as a type of property which can be repeatedly and increasingly harmed by serial misappropriations."  (Dkt. 59, p. 9).  The Court instead adopted the "'relationship school' view of trade secrets and the statute of limitations", meaning that the DTSA "statute of limitations period does not restart upon each misappropriation".  (*Id.*).  Under this approach, "a continuing misappropriation constitutes a single claim of misappropriation."  (*Id.*, citing 18 U.S.C. § 1836(d)).

Applying this "relationship" approach, the Court properly determined that the pertinent alleged misappropriation was the first one in 2015, which Houser then disclosed to Temple in 2017.  Subsequent patent filings or other "misuse" of the trade secret information, even if separate

---

to be an "acquisition" of the Stolen Pig Materials only by Feldman, Houser subsequently: (a) detailed Feldman's use of the Stolen Pig Materials in his report to Temple in February 2017; and (b) complained to Temple that Feldman had acquired the Stolen Pig Materials by improper means. (Dkt. 20, ¶ 100).  At that point, accepting Houser's own pleading as true for purposes of a motion to dismiss, Houser 'knew or should have known' that Temple had acquired the same trade secret information (i.e., the Stolen Pig Materials) by "improper means".

39217823.4

acts of "misappropriation", did not restart the clock for a DTSA claim. (*Id.* at 10). The Court accordingly held that "Houser's DTSA claims against Feldman shall be dismissed with prejudice as it is clear from the face of the complaint that the statute of limitations had run by February 2020." (*Id.* at pp. 10-11.)

Temple agrees with this analysis and holding. Respectfully, Temple believes the 'clear error of law' was not applying this same logic to dismiss all of Houser's DTSA claims against Temple. *Lazaridis*, 591 F.3d at 669 (a motion for reconsideration "will be granted" if the movant shows "… (3) the need to correct a clear error of law…"). On page 11 of its Opinion, the Court, without citing to any case law or precedent, concluded that "Temple's breach of its relationship with Houser requires different treatment", and further concluded that there is "nothing on the face of the Amended Complaint which suggests that the statute of limitations against Temple has run." These conclusions were not correct, for several reasons.

First, for the reasons noted above, and as cannot reasonably be disputed based on the face of the Amended Complaint and Exhibit C, if Dr. Houser was aware of the alleged misappropriation of the "Stolen Pig Materials" by Feldman in February 2017, he was also aware of the alleged misappropriation of those same materials *by Temple* as of that same date. By February 2017, Dr. Houser knew that Temple (via publication of a 2015 Paper by Temple University employees identified as Temple University employees, and using Temple University contact information) had access to trade secret information that he contends was acquired by improper means. Perhaps more pointedly, in 2017, Houser *told* Temple this purported trade secret information had been acquired by inappropriate means. If Temple had not "acquired" that information before, it certainly did in February 2017. The statute of limitations for Houser's trade secret claims against Feldman and Temple therefore expired at the same time, no later than February 2020.

Second, the statute of limitations distinction between defendants drawn by the Court also effectively contradicts its conclusion that a "relationship" approach should be applied, as opposed to a "continuing wrong" approach. (*Id.* at pp. 9-10). Allowing Houser to 'restart the clock' based on an unsupported contention that he first found out in November 2020[3] that Temple was a named applicant on a U.S. Patent Application that included the Stolen Pig Materials[4] is to adopt a "continuing wrong" approach. As the Court aptly noted, this is not what the drafters of the DTSA intended ("Indeed, in passing the DTSA, Congress conformed its language on the statute of limitations to that of the UTSA, indicating that Congress intended to follow the UTSA's approach and reject the 'continuing wrong' approach"). (*Id.*) There is only one alleged trade secret at issue in this case–the "Stolen Pig Materials." The alleged misappropriation of the "Stolen Pig Materials" by Feldman and eight (8) other Temple employees was known to Houser, at the latest, by February 2017. As such, on the face of his own pleading, Houser first discovered that his confidential 'relationship' with both Feldman <u>and</u> Temple was breached in February 2017.

Third, Houser's repeated references to the '807 [Patent] Application in his Amended Complaint should not change this analysis. Houser attaches to the Amended Complaint, as Exhibit D, U.S. Patent Publication 2017/0016066. (Dkt. 20, Ex. D) This is the published version of a U.S. Patent Application first filed on January 30, 2015, also known as the '807 Application. (*Id.*) Like Exhibit C to the Amended Complaint (the April 2015 Paper), Exhibit D does not help

---

[3] Notably, the allegation that Houser only gained knowledge of the '807 [Patent] Application in "November 2020" was added through the Amended Complaint (Dkt. 20, ¶234), ***after*** Houser had the opportunity to read Temple's first Motion to Dismiss and statute of limitations argument.

[4] Figure 4 from the April 2015 Paper and Figures 7A-F from the '807 [Patent] Application referenced in the Amended Complaint show the same exact content (i.e., the "Pig Data" ); this fact is not in dispute. (*See* Dkt. 20, ¶¶ 222-224.)

6

Houser's case, but actually confirms why Houser's DTSA claim against Temple should be dismissed on statute of limitations grounds.  The document, published on January 1, 2017, identifies "Temple University" as the assignee of the invention, and lists Dr. Feldman and several other Temple employees as inventors.  (*Id.*)  If Houser did not actually know in 2017 of the publication of the '807 Application in his own field of study, at his own university, he certainly "should have known".

Finally, while Dr. Houser avers that he did not "discover" the '807 Patent Application until November 2020, that is immaterial:  "[t]he existence of a patent application or a public patent puts parties on notice of their existence and therefore starts the clock on the limitations period." *Zirvi v. Flatley*, 433 F. Supp. 3d 448, 459 (S.D.N.Y. 2020) (citing *Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 182 F. App'x 994, 999 (Fed. Cir. 2006) (patent applications put parties on constructive notice); *WesternGeco v. Ion Geophysical Corp.*, No. 09-cv-1827, 2009 WL 3497123, at *5 (S.D. Tex. Oct. 28, 2009) ("[i]n the same way that the issuance of a patent by the PTO constitutes notice to the entire world of its existence, regardless of whether other persons take it upon themselves to examine the record, so too, by extension, do the applications published under the [Patent Cooperation Treaty] constitute notice to the world of their existence ….")).  Houser was on notice of the existence of the alleged misappropriation of his Pig Data in 2017, both through the publication of the '807 Application (in January 2017), and through his February 2017 complaint to Temple regarding the April 2015 Paper.  All of this further underscores the fact that Houser's misappropriation claim accrued in 2017, both with respect to Feldman and Temple.

Applying a different statute of limitations to Temple was legal error under Rule 59(e), and if the Opinion and Order are not amended, manifest injustice to Temple will result. *Lazaridis*, 591 F.3d at 669.  Modification of the Opinion and Order are also warranted under the standard of Rule

60(b), which permits the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for:  "(1) mistake, inadvertence, surprise, or excusable neglect … or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  As discussed above, it was a mistake for the Court to apply differing statutes of limitation to Feldman and Temple, and therefore the Opinion and Order should be amended to reflect a common standard.  Even if the Court does not consider the application of differing standards to rise to the level of 'mistake,' the Court can still amend the Opinion and Order under the "catch-all" provision of Rule 60(b)(6).  *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).  The manifest injustice to Temple that will result if the Opinion and Order are not amended qualifies as a 'reason justifying relief.'[5]

To summarize:  the "Stolen Pig Materials" were published in 2015, and Houser admits to knowing this no later than February 2017.  Instead of filing his claim within three (3) years of February 2017, as required by the DTSA, Houser sat on his rights.  The statute of limitations has run on any DTSA claims Houser has against Feldman *and* Temple University.  The Court's finding to the contrary as to certain claims against Temple was an error of law.  Temple respectfully requests that the Court reconsider and amend the Opinion and Order, so as to dismiss all DTSA claims against both Defendants (Feldman and Temple).

---

[5] Even if the Court finds Rules 59 and 60 inapplicable here, the Court may exercise its inherent powers to reconsider and amend the Opinion and Order.  *Walker by Walker*, 1996 WL 706714 at *2.

39217823.4

### III.   **CONCLUSION**

For all the foregoing reasons, Defendant Temple University respectfully requests that this Court grant this motion for reconsideration and dismiss Count II of the Amended Complaint against Temple in its entirety, with prejudice, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

SAUL EWING ARNSTEIN & LEHR LLP

Date:  November 10, 2021

*/s/  James A. Keller*

James A. Keller, Esquire/78955
Darius C. Gambino/83496
Carolyn A. Pellegrini/307026
Saul Ewing Arnstein & Lehr LLP
1500 Market Street
Philadelphia, PA 19102
(215) 972-1964
james.keller@saul.com
darius.gambino@saul.com
carolyn.pellegrini@saul.com

*Attorneys for Defendant Temple University*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Motion to Dismiss and Memorandum of Law were served on the following counsel via electronic mail:

David M. Burkholder, Esquire
Alex B. Heller, Esquire
Courtney Keaveney, Esquire
460 Norristown Road, Suite 110
Blue Bell, PA 19422
dburkholder@wispearl.com
aheller@wispearl.com
ckeaveney@wispearl.com

Nicole D. Galli, Esquire
ND Galli Law LLC
One Liberty Place
1650 Market Street, Suite 3600, #00250
Philadelphia, PA 19103
ndgalli@ndgallilaw.com

*Attorneys for Plaintiff Steven Houser, PH.D., FAHA*

Michael J. Fortunato, Esquire
Rachael Luken Carp, Esquire
Rubin, Fortunato & Harbison P.C.
10 South Leopard Road
Paoli, PA 19301
mfortunato@rubinfortunato.com
rcarp@rubinfortunato.com

*Attorneys for Defendant Arthur Feldman, MD, Ph.D.*

Date: November 10, 2021                    s/ *James A. Keller*_____
                                           James A. Keller

39217823.4